DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BRIT SYNDICATES LIMITED ("LLOYDS") | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 2016-101 ) ) |
| ON THE LEVEL, INC., d/b/a OTL MECHANICAL, INC. | ) ) ) ) |
| Defendant. | ) ) |

ATTORNEYS:

**Douglas L. Capdeville**
**Melissa Pauline Ortiz**
Law Offices of Douglas L. Capdeville
St. Croix, U.S.V.I.
    *For Brit Syndicates Limited ("Lloyds"),*

**Mark Wilczynski**
Law Offices of Wilczynski & Garten, P.C.
St. Thomas, U.S.V.I.
    *For On the Level, Inc., d/b/a OTL Mechanical, Inc.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of On the Level, Inc., d/b/a OTL Mechanical, Inc., ("OTL") to dismiss the first amended complaint in this matter for lack of subject matter jurisdiction. A brief outline of the relevant procedural history

is necessary before the Court can address OTL's motion to dismiss.

On December 14, 2016, "Certain Underwriters at Lloyds Subscribing to Policy No. BRG 10890C" ("Lloyds") filed a complaint (the "Original Complaint") against OTL. *See* ECF No. 1 at 1. Lloyds sought a declaratory judgment determining whether it had a duty to defend OTL in a civil action pending in the Superior Court of the Virgin Islands. Lloyds asserted that this Court had diversity jurisdiction over the action, alleging that (1) "Lloyds is a citizen or subject of the United Kingdom, as it is a foreign business entity organized under the laws of the United Kingdom, with its principal place of business in London, England, United Kingdom"; and (2) "OTL is a citizen of the United States Virgin Islands, as it is a corporation organized under the laws of the United States Virgin Islands, with its principal place of business in St. Croix, Virgin Islands." *See id.* at 2.

On January 4, 2017, Lloyds filed an amended complaint (the "First Amended Complaint"). Lloyds continued to assert that this Court had diversity jurisdiction over the case. As to its own citizenship, Lloyds alleged that "Certain Underwriters at Lloyds Subscribing to Policy No. BRG10890C is a foreign unincorporated association with its principal place of business in London,

England." *See* ECF No. 6 at 2. The remaining allegations in the First Amended Complaint were the same as the Original Complaint.

On January 25, 2017, OTL moved to dismiss the First Amended Complaint for lack of jurisdiction. OTL asserted that Lloyd's must "be treated like a partnership for diversity purposes, and must plead that each of [the Underwriters to the policy] are completely diverse and each meet the amount in controversy requirement based on their respective subscribing shares." *See* ECF No. 11 at 3.

On February 14, 2017, Lloyds moved for leave to file a second amended complaint. Lloyds "request[ed] leave to amend its operative complaint to clarify the allegations in [its] First Amended Complaint and address the alleged deficiencies that are the subject of [OTL]'s Motion to dismiss." *See* ECF No. 13 at 1-2. On March 15, 2016, the Magistrate Judge granted Lloyd leave to file a second amended complaint.

On March 16, 2017, Lloyds filed a second amended complaint (the "Second Amended Complaint").

Where, as here, a defendant files a motion to dismiss and the plaintiff subsequently *properly* files an amended complaint, that subsequent pleading is operative and "render[s] moot [the] defendant['s] motion[] to dismiss." *See Merritt v. Fogel*, 349 Fed. App'x 742, 745 (3d Cir. 2009).

The premises considered, it is hereby

**ORDERED** that OTL's motion to dismiss docketed at ECF Number 10 is **MOOT**.

                                                  S\_____
                                                    **Curtis V. Gómez**
                                                    **District Judge**