DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **BRIT SYNDICATES LIMITED** <br> **("LLOYDS")** <br> <br> Plaintiff, <br> <br> v. <br> <br> **ON THE LEVEL, INC., d/b/a OTL** <br> **MECHANICAL, INC.** <br> <br> Defendant. | Civil No. 2016-101 |

ATTORNEYS:

**Douglas L. Capdeville**
**Melissa Pauline Ortiz**
Law Offices of Douglas L. Capdeville
St. Croix, U.S.V.I.
   *For Brit Syndicates Limited ("Lloyds"),*

**Mark Wilczynski**
Law Offices of Wilczynski & Garten, P.C.
St. Thomas, U.S.V.I.
   *For On the Level, Inc., d/b/a OTL Mechanical, Inc.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of On the Level, Inc., d/b/a OTL Mechanical, Inc., to dismiss the second amended complaint in this matter for lack of subject matter jurisdiction.

### I. FACTUAL AND PROCEDURAL HISTORY

On December 14, 2016, "Certain Underwriters at Lloyds Subscribing to Policy No. BRG 10890C" ("Lloyd's") filed a complaint against "On the Level, Inc., d/b/a OTL Mechanical,

Inc., d/b/a Go Green" ("OTL") (the "First Complaint"). *See* ECF No. 1. Lloyd's alleged that it had issued OTL an insurance policy (the "Policy"). OTL is currently involved in a civil action pending in the Superior Court of the Virgin Islands. Lloyd's sought a declaratory judgment that it had no duty to defend OTL in the Superior Court litigation.

Lloyd's asserted that this Court had diversity jurisdiction over the action, alleging that (1) "Lloyds is a citizen or subject of the United Kingdom, as it is a foreign business entity organized under the laws of the United Kingdom, with its principal place of business in London, England, United Kingdom"; and (2) "OTL is a citizen of the United States Virgin Islands, as it is a corporation organized under the laws of the United States Virgin Islands, with its principal place of business in St. Croix, Virgin Islands." *See id.* at ¶¶ 6-7.

On January 4, 2017, Lloyd's filed an amended complaint (the "First Amended Complaint"). Lloyd's continued to assert that this Court had diversity jurisdiction over this matter. As to its own citizenship, Lloyd's alleged that "Certain Underwriters at Lloyds Subscribing to Policy No. BRG10890C is a foreign unincorporated association with its principal place of business in London, England." *See* ECF No. 6 at ¶ 6.

On January 25, 2017, OTL moved to dismiss the First Amended Complaint for lack of jurisdiction. OTL asserted that Lloyd's must "be treated like a partnership for diversity purposes, and must plead that each of [the underwriters to the policy] are completely diverse and each meet the amount in controversy requirement based on their respective subscribing shares." *See* ECF No. 11 at 3. OTL argued that, because Lloyd's had failed to do so, the First Amended Complaint must be dismissed.

On February 14, 2017, Lloyd's moved for leave to file a second amended complaint. The Magistrate Judge granted Lloyd's leave to file a second amended complaint. On March 16, 2016, Lloyd's filed a second amended complaint (the "Second Amended Complaint") under the name "Brits Syndicates Limited ('Lloyds')" ("Brit Syndicates"). With respect to its identity and citizenship, Brits Syndicates alleged:

> Plaintiff Brit Syndicates Limited is a company incorporated under the laws of England and Wales with its principal place of business [in London, Engaland]. Certain Underwriters at Lloyds Subscribing to Policy No. BRG10890C from August 27, 2013 to August 27, 2014 are comprised of the members of Syndicate 2987, the managing agent of which is Plaintiff Brit Syndicates Limited and the corporate member of which is Brit UW Limited. Syndicate 2987 is authorized to insure risks at Lloyds.

ECF No. 18 at ¶ 6.

On March 30, 2017, OTL moved to dismiss the Second Amended Complaint. OTL asserts that, for the purposes of diversity jurisdiction, Brit Syndicates is acting in a representative capacity and is only a nominal party to this controversy. As such, OTL argues, Brit Syndicates must allege the citizenship of the actual parties--the individuals underwriting the Policy.

## II. DISCUSSION

A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). In reviewing a factual attack, the court may consider evidence outside the pleadings. *Gould Elecs.*, 220 F.3d at 176.

### III. ANALYSIS

Before addressing OTL's arguments, the Court believes that a brief overview of the structure of Lloyd's is necessary. In *Chemical Leaman Tank Lines, Inc. v. Aetna Casualty & Surety Co.*, 177 F.3d 210 (3d Cir. 1999), the Third Circuit observed:

> Lloyd's is not an insurance company, but rather is an exchange or market where various individuals or groups bid on the right to insure a given risk. Lloyd's takes no part in the business of underwriting; policies are underwritten at Lloyd's and not by Lloyd's.
>
> An individual must pay a membership fee, keep certain deposits at Lloyd's, and meet several specific requirements, including possession of a certain degree of wealth, in order to have access to the Lloyd's insurance market. Once they have joined the market, these individuals may underwrite risks in this market. The individuals are alternatively referred to as members, underwriters, or names. In order to increase the efficiency of underwriting risks and to combine the resources of numerous individuals, names form groups called syndicates. However, syndicates are not legal entities. Syndicates do not assume liability or underwrite risks; names do. Each name has unlimited personal liability yet only to the extent of the percentage share of the risk that he or she has assumed. The holders of Lloyd's policies thus enter into contractual relationships with specific names who have subscribed to the policy for the portion of the risk each name has agreed to underwrite.
>
> Within each syndicate, a Managing Agent is responsible for the underwriting and management of each individual's investments. The Managing Agent receives this authority through contracts with each individual. The Managing Agent, typically a partnership or limited company, appoints one of its employees to serve as the Active Underwriter

> for the syndicate. The Active Underwriter has the authority to bind all the individuals in the syndicate. The Active Underwriter selects the risks to underwrite, determines the conditions to which a risk will be subject, assigns each individual in the syndicate a percentage of the risk, and decides whether to pay a particular claim.

*Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221-22 (3d Cir. 1999).

Federal district courts have original jurisdiction over civil actions between citizens of different states, provided the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. The Supreme Court has "interpreted the diversity statute to require 'complete diversity' of citizenship." *C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990). That means "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe,* 448 F.3d 201, 215 (3d Cir. 2006).

The Supreme Court of the United States has long held that the only relevant citizenship for diversity purposes is that of the "real parties to the controversy." *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460-61 (1980) (citing *McNutt v. Bland,* 43 U.S. 9, 14-15 (1844)). "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* at 461 (citing *McNutt,* 43 U.S. at 14; 6 C. Wright & A. Miller, Federal

Practice and Procedure § 1556, pp. 710-711 (1971)). "Nominal parties are generally those without a real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991).

Brit Syndicates alleges that it is the managing agent for the sole syndicate underwriting the Policy. When determining whether a plaintiff is a nominal or real party, "a crucial distinction must be made between a plaintiff who sues solely in his capacity as an agent, on the one hand, and, on the other, a plaintiff who sues not only as an agent, but also as an individual who has his own stake in the litigation." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 194 (2d Cir. 2003).

When suing solely as an agent, a plaintiff is a nominal party and diversity is determined by the citizenship of the principal. *See id.* A party sues as an agent when "it acts merely as an agent representing the interests of others" and "is a mere conduit for a remedy owing to others." *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995); *see also Airlines Reporting Corp. v. Belfon*, No. CIV.A2003/146, 2010 WL 3664065, at *15-16 (D.V.I. Sept. 16, 2010) (explaining that a party sues as an agent when it "acts only as a representative for a group of individuals and has no interest itself in the outcome of the litigation."). When suing as an agent with "a

stake in the litigation," on the other hand, the citizenship of the agent controls. See *Oscar Gruss & Son, Inc.*, 337 F.3d at 194. An agent who brings suit in this capacity does so, "not only as an agent, but also as an individual who has his own stake in the litigation." *Id.*

Here, while the Policy was underwritten by Syndicate 2987, the Second Amended Complaint alleges that Brit Syndicates "is responsible for 100% of the risk on Syndicate 2987." See ECF No. 18 at ¶ 6. Having alleged that it is fully responsible for any payment on the Policy, Brit Syndicates has alleged a personal stake in this litigation, which Brit Syndicates is pursuing as an individual. Taking this allegation as true, Brit Syndicates has adequately alleged that it is a "real part[y] to the controversy." See *Navarro Sav. Ass'n,* 446 U.S. at 460-61 (1980); cf. *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Siemens Energy, Inc.*, No. 3:13-CV-115, 2013 WL 3323182, at *3-4 (S.D. Tex. July 1, 2013) ("[D]oubt exists concerning whether the citizenship of managing agents *who lack a financial interest in the policies* [would be a real party to the controversy]." (emphasis added)).

As the "real part[y] to the controversy," Brit Syndicates's citizenship controls for the purposes of diversity jurisdiction. See *Navarro Sav. Ass'n*, 446 U.S. at 460-61. Brit Syndicates

alleges (1) that Brit Syndicates is a citizen of England; (2) that OTL is a citizen of the United States Virgin Islands; and (3) the amount in controversy is over $75,000. Accordingly, Brit Syndicates has pled complete diversity in this matter and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. *See C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990) (explaining that 28 U.S.C. § 1332 requires "complete diversity of citizenship" (internal quotation marks omitted)).

The premises considered, it is hereby

**ORDERED** that the motion to dismiss docketed at ECF Number 19 is **DENIED**.

S\_____
**Curtis V. Gómez
District Judge**